OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

January 28, 2002

The Honorable J.E. "Buster" Brown
Chair, Natural Resources Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0457

Re: Whether new construction in an area of the state that is outside municipal jurisdiction may delay complying with the Texas Building Energy Performance Standards, chapter 388 of the Health and Safety Code, until September 1, 2002 (RQ-0430-JC)

Dear Senator Brown:

Chapter 388 of the Health and Safety Code, enacted by the Seventy-seventh Legislature, adopts "the energy efficiency chapter of the International Residential Code, as it existed on May 1, 2001, . . . as the energy code in this state for single-family residential construction" and "the International Energy Conservation Code . . . as the energy code for use in this state for all other residential, commercial, and industrial construction." TEX. HEALTH & SAFETY CODE ANN. § 388.003(a), (b) (Vernon Supp. 2002). A municipality is required, by September 1, 2002, to establish procedures for administering and enforcing the codes and "to ensure that code-certified inspectors . . . perform inspections and enforce the code in the inspectors' jurisdictions." *See* Act of May 24, 2001, 77th Leg., R.S., ch. 967, § 11(b), 2001 Tex. Sess. Law Serv. 1970, 1986-87; TEX. HEALTH & SAFETY CODE ANN. § 388.003(c) (Vernon Supp. 2002). A political subdivision encompassing area outside a municipality's jurisdiction is not required to adopt similar procedures and is not subject to the September 1, 2002 deadline. Nevertheless, section 388.004 provides for "[e]nforcement of [e]nergy [s]tandards [o]utside of [m]unicipalit[ies]." TEX. HEALTH & SAFETY CODE ANN. § 388.004 (Vernon Supp. 2002). Section 388.004 took effect on September 1, 2001. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 967, § 22, 2001 Tex. Sess. Law Serv. 1970, 1994. You ask when new construction "in the unincorporated areas of the state," which we understand to be areas outside a municipality's jurisdiction, must "begin complying with the energy performance standards" that chapter 388 of the Health and Safety Code prescribes.[1] We conclude that new construction must have begun complying as of September 1, 2001, which is the effective date of chapter 388 generally.

---

[1]Letter from Honorable J.E. "Buster" Brown, Chair, Natural Resources Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Sept. 5, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

The Seventy-seventh Texas Legislature adopted the provisions about which you inquire as part of Senate Bill 5. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 967, § 1(b), secs. 388.001-.008, 2001 Tex. Sess. Law Serv. 1970, 1986-88. As a whole, Senate Bill 5's objective was to bring Texas into compliance with federal limits on maximum allowable concentrations of certain pollutants. *See* SENATE COMM. ON NATURAL RESOURCES, BILL ANALYSIS, Tex. S.B. 5, 77th Leg., R.S. (2001) at 1; *accord* HOUSE COMM. ON ENVIRONMENTAL REGULATION, BILL ANALYSIS, Tex. S.B. 5, 77th Leg., R.S. (2001) at 1; HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 5, 77th Leg., R.S. (2001) at 2. To this end, Senate Bill 5 established several programs to facilitate reductions in pollutant emissions, such as an emissions reduction plan, a diesel emissions reduction incentive program, and a technology research and development program. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 967, § 1(b), 2001 Tex. Sess. Law Serv. 1970, 1971-80, 1984-86 (codified at TEX. HEALTH & SAFETY CODE ANN. ch. 386, subchs. B, C, and ch. 387); *see also* SENATE COMM. ON NATURAL RESOURCES, BILL ANALYSIS, Tex. S.B. 5, 77th Leg., R.S. (2001) at 1. The bill also added a new chapter 388 to the Health and Safety Code, entitled "Texas Building Energy Performance Standards." You ask specifically about these Building Energy Performance Standards. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 388.001-.008 (Vernon Supp. 2002); Request Letter, *supra* note 1, at 1.

In enacting chapter 388, in particular, the legislature articulated a need for "an effective building energy code" to reduce "air pollutant emissions," to moderate "future peak electric power demand," to assure the electrical grid's reliability, and to control "energy costs for residents and businesses in this state." TEX. HEALTH & SAFETY CODE ANN. § 388.001(a) (Vernon Supp. 2002). Two sections of chapter 388 are especially relevant to your inquiry. First, section 388.003 adopts building energy efficiency performance standards that apply statewide:

> (a) To achieve energy conservation in single-family residential construction, the energy efficiency chapter of the International Residential Code, as it existed on May 1, 2001, is adopted as the energy code in this state for single-family residential construction.

> (b) To achieve energy conservation in all other residential, commercial, and industrial construction, the International Energy Conservation Code as it existed on May 1, 2001, is adopted as the energy code for use in this state for all other residential, commercial, and industrial construction.

> (c) A municipality shall establish procedures:

> (1) for the administration and enforcement of the codes; and

> (2) to ensure that code-certified inspectors shall perform inspections and enforce the code in the inspectors' jurisdictions.

(d) A municipality or county may establish procedures to adopt local amendments to the International Energy Conservation Code and the energy efficiency chapter of the International Residential Code.

(e) Local amendments may not result in less stringent energy efficiency requirements in nonattainment areas and in affected counties than the energy efficiency chapter of the International Residential Code or International Energy Conservation Code. Local amendments must comply with the National Appliance Energy Conservation Act of 1987 (42 U.S.C. Sections 6291-6309), as amended.

. . . .

(f) Each municipality, and each county that has established procedures under Subsection (d), shall periodically review and consider revisions made by the International Code Council to the International Energy Conservation Code and the energy efficiency chapter of the International Residential Code adopted after May 1, 2001.

*Id.* § 388.003(a)-(f); *see also id.* § 388.002(1), (6), (7), (10), (11), (12) (defining "affected county," "International Residential Code," "International Energy Conservation Code," "municipality," "nonattainment area," and "single-family residential"). *But cf.* TEX. LOC. GOV'T CODE ANN. § 214.212 (Vernon Supp. 2002) (adopting International Residential Code as municipal residential building code in this state); TEX. REV. CIV. STAT. ANN. art. 6243-101, § 5B(a) (Vernon Supp. 2002) (requiring Board of Plumbing to adopt Uniform Plumbing Code and International Plumbing Code). Second, whereas section 388.003(c) governs enforcement within a municipality's jurisdiction, section 388.004 governs compliance with the energy standards outside a municipality's jurisdiction:

For construction outside of the local jurisdiction of a municipality:

(1) a building certified by a national, state, or local accredited energy efficiency program shall be considered in compliance;

(2) a building with inspections from private code-certified inspectors using the energy efficiency chapter of the International Residential Code or the International Energy Conservation Code shall be considered in compliance; and

(3) a builder who does not have access to either of the above methods for a building shall certify compliance using a form provided by the [Energy Systems Laboratory at the Texas Engineering

> Experiment Station of The Texas A&M University System], enumerating the code-compliance features of the building.

TEX. HEALTH & SAFETY CODE ANN. § 388.004 (Vernon Supp. 2002); *see also id.* § 388.002(2), (8), (9) (defining "building," "laboratory," and "local jurisdiction").

A municipality that is required to establish procedures under section 388.003(c) must do so no later than September 1, 2002. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 967, § 11(d), 2001 Tex. Sess. Law Serv. 1970, 1992. In other respects, for our purposes here, chapter 388 became effective on September 1, 2001. *See id.* § 22, 2001 Tex. Sess. Law Serv. 1970, 1994.

While Senate Bill 5 requires a municipality that is subject to "the energy code provisions of Chapter 388" to establish administration, enforcement, and inspection procedures by September 1, 2002, you state that "there is no similar effective date mentioned for compliance in the unincorporated areas of the state." Request Letter, *supra* note 1, at 1. You suggest that the omission of a compliance date for areas outside municipal jurisdiction "was an oversight" and that the legislature intended "to have the compliance dates coincide." *Id.*

We conclude that the September 1, 2002 compliance date does not apply to an area outside a municipality's jurisdiction. On its face, section 388.003(c)—the only section with the September 1, 2002 compliance date—applies solely to a municipality. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 967, §§ 1(b), 11(d), 2001 Tex. Sess. Law Serv. 1970, 1987, 1992 (section 1(b) codified at TEX. Health & Safety Code Ann. § 388.003(c) (Vernon Supp. 2002)). Moreover, the legislative history of section 388.003(c) indicates that the legislature purposefully removed areas beyond municipal jurisdiction from section 388.003(c) and, thus, from the September 1, 2002 compliance date. Senate Bill 5, as introduced, did not propose a version of chapter 388 of the Health and Safety Code, concentrating instead on emissions reductions and technology development and research. *See* Tex. S.B. 5, 77th Leg., R.S. (2001) (filed March 7, 2001). The Senate Committee on Natural Resources adopted a committee substitute that proposed chapter 388, but its version of section 388.003(c) permitted, although it did not require, a municipality (and only a municipality) to establish procedures for amending, administering, and enforcing the codes and for inspecting construction:

> A municipality *may* establish procedures:
>
> (1) to adopt local amendments to the International Energy Conservation Code and the energy chapter of the International Residential Code;
>
> (2) for the administration and enforcement of the codes; and
>
> (3) to ensure the code-certified inspectors shall perform inspections and enforce the code in the inspectors' jurisdictions.

Tex. C.S.S.B. 5, § 1(b), sec. 388.003(c), 77th Leg., R.S. (2001) (emphasis added). The Senate committee substitute also proposed section 388.004, "Enforcement of Energy Standards Outside of Municipality," and its proposed version was ultimately adopted, unchanged, in the enrolled bill. *See* Tex. C.S.S.B. 5, § 1(b), sec. 388.004, 77th Leg., R.S. (2001). The House Committee on Environmental Regulation amended the proposed section 388.003(c) to require both a municipality and a county to establish procedures for administering and enforcing the codes:

> A municipality or county shall establish procedures:
>
> (1) for the administration and enforcement of the codes; and
>
> (2) to ensure that code-certified inspectors shall perform inspections and enforce the code in the inspectors' jurisdictions.

Tex. C.S.S.B. 5, § 1(b), sec. 388.003(c), 77th Leg., R.S. (2001) (House Comm. Report). But then, on the House Floor during the bill's second reading, Representative Wolens proposed, and the House adopted, an amendment to the bill that struck from section 388.003(c) the phrase "or county." *See* H.J. OF TEX., 77th Leg., R.S. 3744-45 (2001) (amendment no. 1). Introducing the amendment, Representative Wolens explained that Representative Ramsay requested the amendment on behalf of "the smaller counties":

> Tom Ramsay asked me about this, and on behalf of the small counties, he wanted the counties not to be included in that building code section. So what we are doing is . . . striking the word "county" and not requiring the counties to adopt all of these procedures and giving them no enforcement powers. They're not required to enforce any part of this whatsoever in a county.

Debate on Tex. C.S.S.B. 5 on the Floor of the House, 77th Leg., R.S. (May 21, 2001) (testimony of Representative Wolens) (tape available from House Video/Audio Services Office).

Because chapter 388 as a whole became effective September 1, 2001, new construction in areas beyond municipal jurisdiction must have begun complying with the statewide energy codes as of September 1, 2001, and compliance may not be delayed. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 967, § 22, 2001 Tex. Sess. Law Serv. 1970, 1994. *But see id.* § 11(d), 2001 Tex. Sess. Law Serv. 1970, 1992 (allowing municipality required to establish procedures to have until September 1, 2002). Section 388.004, which provides the only means by which compliance with the energy standards may be monitored in an area beyond municipal jurisdiction, likewise became effective on September 1, 2001. *See id.* § 22, 2001 Tex. Sess. Law Serv. 1970, 1994.

Finally, although section 388.003(c) does not require a county to enforce the new energy codes in an area outside municipal jurisdiction, we conclude that a county voluntarily may enforce them. Subsections (a) and (b) of section 388.003 adopt energy efficiency performance standards "for use in this state," the construction of single-family residences, and "all other residential, commercial,

and industrial construction." TEX. HEALTH & SAFETY CODE ANN. § 388.003(a), (b) (Vernon Supp. 2002). Additionally, a county may adopt local amendments to the statewide standards. *See id.* § 388.003(d), (f). A county that chooses to enforce the standards would do so under section 388.004, which provides for "[e]nforcement of [e]nergy [s]tandards [o]utside of [m]unicipality." *Id.* § 388.004; *see* Tex. Att'y Gen. Op. No. JC-0171 (2000) at 1 (stating that county may exercise only those powers that state constitution and statutes confer upon it).

## S U M M A R Y

Effective September 1, 2001, new construction in an area of the state that is outside a municipality's jurisdiction must have begun complying with the building energy efficiency performance standards adopted under section 388.003 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 388.003 (Vernon Supp. 2002). Compliance may not be delayed until September 1, 2002. Likewise, since September 1, 2001, counties have had authority to monitor and may voluntarily enforce compliance in these areas under section 388.004. *See id.* § 388.004.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee